UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JAIBE SIVADEL,

                                    Plaintiff,                              08 CV 167 (VM)

                    vs.                                                     **AMENDED
                                                                           COMPLAINT**

THE CITY OF NEW YORK, POLICE OFFICERS
VALLISON ISAAC, DISHEA PASCHALL, JOSEPH
CHAMBERS, JOSE FALERO, SERGEANT DAWUD
DANIEL BEY AND JOHN DOE and JANE DOE (names
and number of whom are unknown at present), and other
unidentified members of the New York City Police
Department
                                    Defendants                             **JURY TRIAL
                                                                           DEMANDED**
------------------------------------------------------------------X

RECEIVED

JUL 30 2008

U.S.D.C. S.D.N.Y.
CASHIERS

## PRELIMINARY STATEMENT

1.       This is an action to recover money damages arising out of defendants' violation of

plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured

by the Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the

State of New York. Plaintiff was deprived of his constitutional and common law rights when police

officers committed an unwarranted and malicious assault and battery on plaintiff, unlawfully

confined plaintiff, demonstrated deliberate indifference to plaintiff's medical needs, and caused the

unjustifiable arrest and prosecution of plaintiff.

## JURISDICTION

2.       This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth and

Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4) and the aforementioned statutory and constitutional provisions.

3.      The plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

4.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district and plaintiff resides in this district.

## PARTIES

5.      The plaintiff Jaibe Sivadel is fifty-eight years old. He is a citizen of the United States, and is and was at all times relevant herein a resident of the City of New York, State of New York.

6.      New York City Police Officers Vallison Isaac, Dishea Paschall, Joseph Chambers, Jose Falero and Sergeant Dawud Daniel Bey are and were at all times relevant herein officers, employees and agents of the New York City Police Department. On the date of the incident October 11, 2006, defendants were assigned to the 32nd Precinct. The defendants are being sued herein in their individual and official capacities.

7.      At all times relevant herein, the individual defendants were acting under color of state

law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the New York City Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

8.      Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  The defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department.

## STATEMENT OF FACTS

9.      Plaintiff is a fifty-eight-year-old African-American male who suffers from a disability.

10.      Several years prior to the instant incident plaintiff injured his back and as a result he cannot engage in strenuous physical activity.

11.      On October 11, 2006, plaintiff drove up to his building located at  2453 Seventh Avenue, New York, New York.

12.      As plaintiff was exiting his vehicle his car door tapped another parked vehicle and the owner of that vehicle and plaintiff began to argue.

3

13.    Defendant police officers Vallison Isaac and Dishea Paschall approached plaintiff and the unidentified individual with whom he was arguing and asked them to stop arguing.

14.    Plaintiff complied and went inside his building to drop off groceries.

15.    After dropping off his groceries, plaintiff went back outside and the person whose car he had tapped began to yell at plaintiff.

16.    At this point plaintiff ignored the person but defendant police officers Vallison Isaac and Dishea Paschall decided to issue both men a summons for disorderly conduct.

17.    Plaintiff had done nothing wrong to be issued a summons.

18.    During the course of issuing the summons the defendant police officers informed plaintiff that he had an outstanding warrant.

19.    Upon information and belief, plaintiff had no warrants.

20.    Plaintiff was informed that he had to be arrested and taken to the precinct.

21.    Plaintiff informed defendant police officers Vallison Isaac and Dishea Paschall that because he was disabled and suffered from a severe back injury he needed to be transported in a police van.

22.    While handcuffed, with his hands in the rear, and waiting for the van plaintiff began to experience severe pain and he asked to be taken to Harlem Hospital.

23.    A van arrived and plaintiff was taken to Harlem Hospital.

24.    At the hospital doctors confirmed that plaintiff had an existing back condition and that he was on medication for his back problem.

25.    After being seen by the hospital staff and after being given a pain shot plaintiff was released back into police custody.

4

26.     Plaintiff was escorted out of the hospital by police officers and when he arrived outside there were two additional John Doe defendant police officers waiting for him.

27.     The van that had transported plaintiff to the hospital was gone.

28.     Plaintiff tried to explain to the defendant police officers that it would be too painful for him to get in the back of a police car.

29.     A male defendant police officer then swung plaintiff around and a female officer kicked plaintiff's legs out causing plaintiff to fall and strike his jaw and mouth on the police car.

30.     The defendant officers then yanked plaintiff up from the ground by the handcuffs causing plaintiff to experience severe pain.

31.     Plaintiff was then lifted into the air by both officers, with the male officer holding him under the arms and the female officer holding his legs, and they forced him into the car where plaintiff was unable to move.

32.     As plaintiff was being driven to the precinct he was verbally abused and cursed at by the defendant officers who complained that he was causing them trouble and faking his injuries.

33.     When the police car arrived at the precinct, plaintiff informed the officers that he couldn't move and that his back was hurting and his legs and feet were numb.

34.     The officers ignored his complaints, dragged him out of the car and dropped him on the street in front of the precinct.

35.     As he was laying on the ground unable to move, Sergeant Dawud Daniel Bey, an African-American male sergeant, came out of the precinct and directed other John Doe officers to drag plaintiff out of the street to the front of the precinct.

36.     At the time of this assault it had been raining heavily.

37.     The defendant officers continued to yell and curse at plaintiff to "get up" and they ignored plaintiff when he told them that he couldn't feel his legs.

38.     Plaintiff was then dragged into the precinct and placed in a holding cell.

39.     While in the cell plaintiff remained on the ground unable to get up.

40.     Several police officers came in and told plaintiff that if he got up they "would let this whole thing go."

41.     Plaintiff begged the officers to get him back to the hospital because he couldn't feel his legs.

42.     Finally, Emergency Medical Technicians were called and they responded to the precinct.

43.     After examining plaintiff the EMTs concluded that plaintiff had to go back to the hospital.

44.     A stretcher was brought into the precinct and plaintiff while still handcuffed was taken back to Harlem Hospital.

45.     Plaintiff was treated at Harlem Hospital where he received morphine.

46.     After numerous hours at Harlem Hospital plaintiff was released to police custody.

47.     After his release from the hospital plaintiff was now handcuffed in the front and he was transported directly to court in a police van.

48.     When plaintiff got to court he did not see a Judge and he was informed by court personnel that he had no outstanding warrants and he was released.

49.     On December 12, 2006, plaintiff appeared in court in connection with the disorderly

conduct summons he received.

50.    Plaintiff was informed at that time, again without seeing a Judge, that the summons had been dismissed.

51.    The assault on plaintiff by defendants was far in excess of their rightful authority as New York City police officers.  This assault on plaintiff was made without proper cause.

52.    The assault, malicious prosecution, false imprisonment, denial of medical attention, negligence. and false arrest upon plaintiff by defendants caused plaintiff to sustain pain and suffering and psychological and emotional trauma.

53.    A notice of claim was served on the Comptroller of the City of New York and at least thirty days have elapsed since the service of such notice and adjustment and/or payment has been neglected and/or refused.

## FIRST CAUSE OF ACTION

## Violation of Plaintiff's Fourth Amendment and

## Fourteenth Amendment Rights

54.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 53 with the same force and effect as if more fully set forth at length herein.

55.    Defendants who were acting in concert and within the scope of their authority, arrested and caused plaintiff to be imprisoned without probable cause in violation of plaintiff's right to be free of an unreasonable seizure under the Fourth Amendment to the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution

7

of the United States.

## SECOND CAUSE OF ACTION

### Violation of Plaintiff's Fourth Amendment Rights

56.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 55 with the same force and effect as if more fully set forth at length herein.

57.     The use of excessive force by defendants all acting in concert in picking up and dropping plaintiff was an objectively unreasonable physical seizure of plaintiff in violation of his rights under the Fourth Amendment to the United States Constitution. Defendant also violated plaintiff's constitutional rights by denying him medical attention and demonstrating deliberate indifference to plaintiff's medical needs.

## THIRD CAUSE OF ACTION

### Assault

58.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 57 with the same force and effect as if more fully set forth at length herein.

59.     The defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully and maliciously assaulted plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the plaintiff, and that such act(s)

8

caused apprehension of such contact in the plaintiff.

60.     Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

61.     Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## FOURTH CAUSE OF ACTION

### Battery

62.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 61 with the same force and effect as if more fully set forth at length herein.

63.     The defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully, and maliciously battered plaintiff, when they, in a hostile and/or offensive manner picked up and dropped plaintiff without his consent and with the intention of causing harmful and/or offensive bodily contact to the plaintiff and caused such battery.

64.     Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

65.     Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## FIFTH CAUSE OF ACTION

### False Arrest

66.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 65 with the same force and effect as if more fully set forth at length herein.

67.     The acts and conduct of the defendants constitute false arrest and false imprisonment under the laws of the State of New York. Defendants intended to confine plaintiff and, in fact, confined plaintiff, and plaintiff was conscious of the confinement. In addition, plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

68.     Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

69.     Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.


## SIXTH CAUSE OF ACTION

### Malicious Prosecution

70.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 69 with the same force and effect as if more fully set forth at length herein.

71.     The acts and conduct of the defendants constitute malicious prosecution under the laws of the State of New York and under the Fourth Amendment to the United States Constitution.

Defendants commenced and continued a criminal proceeding against plaintiff. There was actual malice and an absence of probable cause for the proceeding. In addition, the proceeding terminated favorably to plaintiff.

72.     Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

73.     Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.


## SEVENTH CAUSE OF ACTION

### Negligent Hiring, Retention, Training and Supervision

74.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 73 with the same force and effect as if more fully set forth at length herein.

75.     The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise the defendants, individuals who were unfit for the performance of police duties on October 11, 2006, at the aforementioned location.

76.     Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## EIGHTH CAUSE OF ACTION

### Negligence

77.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 76 with the same force and effect as if more fully set forth at length herein.

78.     Plaintiff was owed a duty of care, defendants breached that duty of care through its agents, servants, and employees by acting with negligence and plaintiff sustained harm proximately caused by defendant's negligence.

79.     Defendant City of New York, as employer of each of the Doe defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

80.     Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

### JURY DEMAND

81.     Plaintiff hereby demands trial by jury of all issues properly triable thereby.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief as follows:

That the jury find and the Court adjudge and decree that Plaintiff Jaibe Sivadel shall recover compensatory damages in the sum of $1,000,000 against the individual defendants and the City of New York, jointly and severally, together with interest and costs; and punitive damages in the sum of $1,000,000 against the individual defendants, jointly and severally.

1.  That the plaintiff recover the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. §1988.

2.  That the plaintiff have such other and further relief as the Court shall deem just and proper.

DATED:     July 30, 2008
           New York, New York

_____
EARL S. WARD, ESQ. (EW 2875)
75 Rockefeller Plaza, 20th Floor
New York, New York 10019
(212) 763-5070

NORMAN SIEGEL, ESQ. (NS 6850)
260 Madison Avenue, 18th Floor
New York, New York 10016
(212) 532-7586


ATTORNEYS FOR PLAINTIFF