UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

JAIBE SIVADEL,

                             Plaintiff,

               – against –

THE CITY OF NEW YORK, POLICE OFFICERS
VALLISON ISAAC, DISHEA PASCHALL,
JOSEPH CHAMBERS, JOSE FALERO,
SERGEANT DAWUD DANIEL BEY and JOHN
DOE and JANE DOE (names and number of whom
are unknown at present), and other unidentified
members of the New York City Police Department,

                          Defendants.

**ANSWER OF DEFENDANT
CITY OF NEW YORK**

08-CV-00167 (VM)

JURY TRIAL DEMANDED

------------------------------------------------------------x

       Defendant, the City of New York, (the "Defendant") by its attorneys Linklaters LLP, answering the Amended Complaint, dated July 30, 2008 (the "Amended Complaint"):

       1.     Denies the allegations set forth in paragraph "1" of the Amended Complaint, except admits that plaintiff has commenced an action as stated therein.

       2.     Denies the allegations set forth in paragraph "2" of the Amended Complaint, except admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

       3.     Denies the allegations set forth in paragraph "3" of the Amended Complaint, except admits that plaintiff purports to invoke the supplemental jurisdiction of the Court as stated therein.

       4.     Denies the allegations set forth in paragraph "4" of the Amended Complaint, except admits that plaintiff purports to base venue in this district as stated therein.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Amended Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Amended Complaint, except admits that plaintiff purports to proceed as stated therein.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Amended Complaint, except states that the allegations whether the individual police offers were acting under color of state law and in the course of employment constitute legal conclusions which do not require a response.

8. Denies the allegations set forth in paragraph "8" of the Amended Complaint, except admits that the City of New York is a municipal corporation incorporated under the laws of the State of New York, that the City of New York maintains a police department and respectfully refers the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City and the New York City Police Department.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Amended Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Amended Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Amended Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Amended Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Amended Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Amended Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Amended Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Amended Complaint, except admits that plaintiff was issued a summons for disorderly conduct.

17. Denies the allegations set forth in paragraph "17" of the Amended Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Amended Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Amended Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Amended Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Amended Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Amended Complaint, except admits that plaintiff was taken by ambulance to Harlem Hospital.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Amended Complaint, except admits that plaintiff was taken by ambulance from the scene to Harlem Hospital.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Amended Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Amended Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Amended Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Amended Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Amended Complaint.

29. Denies the allegations set forth in paragraph "29" of the Amended Complaint.

30. Denies the allegations set forth in paragraph "30" of the Amended Complaint.

31. Denies the allegations set forth in paragraph "31" of the Amended Complaint.

32. Denies the allegations set forth in paragraph "32" of the Amended Complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Amended Complaint.

34.  Denies the allegations set forth in paragraph "34" of the Amended Complaint.

35.  Denies the allegations set forth in paragraph "35" of the Amended Complaint.

36.  Denies the allegations set forth in paragraph "36" of the Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the weather conditions.

37.  Denies the allegations set forth in paragraph "37" of the Amended Complaint.

38.  Denies the allegations set forth in paragraph "38" of the Amended Complaint.

39.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Amended Complaint.

40.  Denies the allegations set forth in paragraph "40" of the Amended Complaint.

41.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Amended Complaint.

42.  Denies the allegations set forth in paragraph "42" of the Amended Complaint, except admits that an ambulance was called and an ambulance responded to the precinct.

43.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the Amended Complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the Amended Complaint, except admits that plaintiff was taken by ambulance to Harlem Hospital.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the Amended Complaint.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the Amended Complaint.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the Amended Complaint.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the Amended Complaint.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the Amended Complaint.

50. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the Amended Complaint.

51. Denies the allegations set forth in paragraph "51" of the Amended Complaint.

52. Denies the allegations set forth in paragraph "52" of the Amended Complaint.

53. Denies the allegations set forth in paragraph "53" of the Amended Complaint, except admits that a document purporting to be a notice of claim was served on the City's Comptroller's Office, that thirty days have elapsed since then, and plaintiff's claim has not been paid or adjusted.

54. In response to paragraph "54" of the Amended Complaint, repeats its responses to the allegations set forth in paragraphs "1" through "53" as though fully set forth herein.

55. Denies the allegations set forth in paragraph "55" of the Amended Complaint.

56. In response to paragraph "56" of the Amended Complaint, repeats its responses to the allegations set forth in paragraphs "1" through "55" as though fully set forth herein.

57. Denies the allegations set forth in paragraph "57" of the Amended Complaint.

58. In response to paragraph "58" of the Amended Complaint, repeats its responses to the allegations set forth in paragraphs "1" through "57" as though fully set forth herein.

59. Denies the allegations set forth in paragraph "59" of the Amended Complaint.

60. Denies the allegations set forth in paragraph "60" of the Amended Complaint.

61. Denies the allegations set forth in paragraph "61" of the Amended Complaint, except admits that plaintiff purports to invoke the Court's pendent or supplemental jurisdiction.

62. In response to paragraph "62" of the Amended Complaint, repeats its responses to the allegations set forth in paragraphs "1" through "61" as though fully set forth herein.

63. Denies the allegations set forth in paragraph "63" of the Amended Complaint.

64. Denies the allegations set forth in paragraph "64" of the Amended Complaint.

65. Denies the allegations set forth in paragraph "65" of the Amended Complaint, except admits that plaintiff purports to invoke the Court's pendent or supplemental jurisdiction.

66. In response to paragraph "66" of the Amended Complaint, repeats its responses to the allegations set forth in paragraphs "1" through "65" as though fully set forth herein.

67. Denies the allegations set forth in paragraph "67" of the Amended Complaint.

68. Denies the allegations set forth in paragraph "68" of the Amended Complaint.

69. Denies the allegations set forth in paragraph "69" of the Amended Complaint, except admits that plaintiff purports to invoke the Court's pendent or supplemental jurisdiction.

70. In response to paragraph "70" of the Amended Complaint, repeats its responses to the allegations set forth in paragraphs "1" through "69" as though fully set forth herein.

71. Denies the allegations set forth in paragraph "71" of the Amended Complaint.

72. Denies the allegations set forth in paragraph "72" of the Amended Complaint.

73. Denies the allegations set forth in paragraph "73" of the Amended Complaint, except admits that plaintiff purports to invoke the Court's pendent or supplemental jurisdiction.

74. In response to paragraph "74" of the Amended Complaint, repeats its responses to the allegations set forth in paragraphs "1" through "73" as though fully set forth herein.

75. Denies the allegations set forth in paragraph "75" of the Amended Complaint.

76. Denies the allegations set forth in paragraph "76" of the Amended Complaint, except admits that plaintiff purports to invoke the Court's pendent or supplemental jurisdiction.

77. In response to paragraph "77" of the Amended Complaint, repeats its responses to the allegations set forth in paragraphs "1" through "76" as though fully set forth herein.

78. Denies the allegations set forth in paragraph "78" of the Amended Complaint, except states that the allegations regarding the existence of a duty of care constitute legal conclusions which do not require a response.

79. Denies the allegations set forth in paragraph "79" of the Amended Complaint.

80. Denies the allegations set forth in paragraph "80" of the Amended Complaint, except admits that plaintiff purports to invoke the Court's pendent or supplemental jurisdiction.

81. States that the allegations set forth in paragraph "81" of the Amended Complaint purport to state a demand for trial by jury which does not require a response.

## FIRST AFFIRMATIVE DEFENSE

82. The Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

83. Defendant has not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## THIRD AFFIRMATIVE DEFENSE

84. At all times relevant to the acts alleged in the Amended Complaint, Defendant, its agents and officials, acted reasonably, properly, lawfully and in good faith in the exercise of its discretion. Consequently, Defendant is entitled to governmental immunity.

## FOURTH AFFIRMATIVE DEFENSE

85. The alleged injuries were due to plaintiff's own negligence and/or culpable conduct, and were not proximately caused by Defendant.

## FIFTH AFFIRMATIVE DEFENSE

86. There was probable cause for plaintiff's arrest, detention and prosecution.

## SIXTH AFFIRMATIVE DEFENSE

86. Plaintiff cannot obtain punitive damages as against the City of New York.

## SEVENTH AFFIRMATIVE DEFENSE

87.     Plaintiff provoked and/or caused the alleged incident.

**WHEREFORE** Defendant demands judgment dismissing the Amended Complaint in its entirety, together with the costs and disbursements of this action and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         August 13, 2008

>                       Respectfully submitted,
>
>                       Linklaters LLP
>
>                       By: _____
>                       A. Hyun Rich
>                       1345 Avenue of the Americas
>                       New York, NY 10105
>                       (212) 903-9000
>                       (212) 903-9100 (fax)
>
>                       Attorneys for Defendant the City of New York

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2008, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and participants:

**By ECF:**

Earl S. Ward
*Attorney for Plaintiff*
75 Rockefeller Plaza, 20th Floor
New York, New York 10019
(212) 763-5070

Norman Siegel
*Attorney for Plaintiff*
260 Madison Ave, 18th Floor
New York, New York 10016
(212) 532-7586


Dated:   New York, New York
         August 13, 2008

>   Respectfully submitted,
>
>   Linklaters LLP
>
>   By: _____
>   A. Hyun Rich
>   1345 Avenue of the Americas
>   New York, NY 10105
>   (212) 903-9000
>   (212) 903-9100 (fax)
>
>   Attorneys for Defendant the City of New York

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2008, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and participants:

**By ECF:**

Earl S. Ward
*Attorney for Plaintiff*
75 Rockefeller Plaza, 20th Floor
New York, New York 10019
(212) 763-5070

Norman Siegel
*Attorney for Plaintiff*
260 Madison Ave, 18th Floor
New York, New York 10016
(212) 532-7586


Dated:   New York, New York
         August 13, 2008

                                    Respectfully submitted,

                                    Linklaters LLP

                                    By: _____
                                    A. Hyun Rich
                                    1345 Avenue of the Americas
                                    New York, NY 10105
                                    (212) 903-9000
                                    (212) 903-9100 (fax)

                                    Attorneys for Defendant the City of New York